IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GERALD BROOKS,

       *Plaintiff*,

vs.

BARBER COUNTY ATTORNEY, BOARD
OF COUNTY COMMISSIONERS OF
BARBER COUNTY, KANSAS FOR
BARBER COUNTY, KANSAS,

       *Defendants.*

Case No. 11-1096-EFM

**MEMORANDUM AND ORDER**

Plaintiff, Gerald Brooks, alleges that Defendants, the Barber County Attorney and the Barber County Board of County Commissioners, violated his constitutional rights by prosecuting him for an altercation that occurred on June 2, 2007. This matter is now before the Court on Defendants' motion to dismiss (Doc. 6). For the reasons stated below, the Court grants Defendants' motion.

**BACKGROUND**

On June 2, 2007, Plaintiff, Gerald Brooks, was involved in a physical alteration with a number of young men in Barber County, Kansas. Despite allegedly being the victim, Plaintiff was charged by the Barber County Attorney with being the aggressor. On April 4, 2010, Plaintiff was acquitted of all charges by a jury. According to Plaintiff, "improper motives were involved in bringing and proceeding with prosecution against him."[1]

---

[1] *See* Doc. 1-1, p. 4.

**STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[2] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[3] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[4]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[5] All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[6] Allegations that merely state legal conclusions, however, need not be accepted as true.[7]

**ANALYSIS**

Plaintiff, who is represented by counsel, is asserting a 42 U.S.C. § 1983 claim based on his prosecution.[8] The Court will begin with the § 1983 claim against the Barber County Attorney. "State prosecutors are entitled to absolute immunity against suits brought against them individually

---

[2] *Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[5] *Iqbal,* 129 S. Ct. at 1950.

[6] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[7] *See Hall*, 935 F.2d at 1110.

[8] In his response, Plaintiff acknowledges that his claim is based solely on 42 U.S.C. § 1983.

pursuant to § 1983 for activities intimately associated with the judicial process."[9]  A prosecutor's decision of whether to prosecute a case is intimately associated with the judicial process.[10]  Here, there is nothing in Plaintiff's complaint that plausibly suggests that his § 1983 claim is based on anything other than the County Attorney's decision to prosecute him.  As a result, Plaintiff's claim against the County Attorney in his individual capacity should be dismissed.

With regard to Plaintiff's claims against the County Attorney in his official capacity and against Barber County, they too should be dismissed.  First, a claim against a county attorney in his official capacity is actually a claim against the state of Kansas.[11]  Therefore, because Plaintiff is only seeking monetary damages in this suit, the Court lacks jurisdiction over the claim against the County Attorney in his official capacity, and, as a result, this claim should be dismissed.[12]  Second, based on Plaintiff's complaint, there is no ground on which to hold Barber County liable.  It is well-established that a county or local government cannot be held liable on a respondeat superior theory;[13] rather, for such entities to be found liable, it must be shown that they were responsible for creating an unconstitutional policy or custom that served as the impetus behind their employee's action.[14]

---

[9]*Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (internal quotation marks omitted).

[10]*See, e.g., Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010); *Jackson v. N.M. Pub. Defender's Office*, 361 F. App'x 958, 962 (10th Cir. 2009).

[11]*See Nielander v. Bd. of Cnty. Comm'rs of the Cnty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009).

[12]*See, e.g., Sanaah v. Howell*, 384 F. App'x 737, 740 (10th Cir. 2010) ("First, the district court correctly concluded that it d[id] not have jurisdiction over Sanaah's claims for monetary damages against the named defendants in their official capacities."); *Callahan v. Poppell*, 471 F.3d 1155, 1158-59 (10th Cir. 2006) (noting that because "Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court," any claims for money damages against prison staff acting in their official capacities are barred by the Eleventh Amendment).

[13]*See, e.g., Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188 (10th Cir. 2010); *Brocks v. Bd. of Cnty. Comm'rs of Sedgwick Cnty., Kan.*, 329 F. App'x 200, 202 (10th Cir. 2009) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997)).

[14]*See, e.g., Brammer-Hoelter*, 602 F.3d at 1188-89; *Brocks*, 329 F. App'x at 202.

Here, even assuming that the County Attorney was an employee of Barber County and that his actions violated Plaintiff's constitutional rights, Plaintiff's claim fails because there are no factual allegations on which a reasonable jury could conclude that the County Attorney acted pursuant to an unconstitutional policy or custom. As a result, the claim against Barber County should be dismissed.

In sum, Plaintiff's complaint does not state a plausible claim against the named Defendants. Accordingly, it should be dismissed.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss (Doc. 6) is hereby GRANTED.

**IT IS SO ORDERED**.

Dated this 25th day of July, 2011.

*/s/ Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE